**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-25141-CV-WILLIAMS**

CHRIS VAUGHAN,

      Plaintiff,

v.

ATHENA BITCOIN, INC.,

      Defendant.

_____ /

## ORDER

**THIS MATTER** is before the Court on Defendant Athena Bitcoin, Inc.'s Motion to Dismiss or, Alternatively, to Compel Arbitration. (DE 18). For the reasons set forth below, the Motion (DE 18) is **GRANTED IN PART AND DENIED IN PART**.

### I.    BACKGROUND

In this putative class action, Plaintiff Chris Vaughan ("**Mr. Vaughan**") challenges the business practices of Defendant Athena Bitcoin, Inc. ("**Athena**"), a Florida-based operator of Bitcoin ATMs that facilitates the purchase and sale of cryptocurrency. (DE 1 ¶¶ 2, 13). Mr. Vaughan alleges that Athena's Bitcoin teller machines ("**BTMs**") charge excessive and undisclosed fees and that Athena fails to refund its customers for these alleged overcharges. (*Id.* ¶¶ 1–2, 4, 6–11, 26).

On November 6, 2025, Mr. Vaughan filed a Complaint, asserting a claim under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201.[1] (DE 1). Athena

---

[1] The Complaint's introduction states that Plaintiff also "brings this action against Defendant Athena Bitcoin, Inc." for violation of Florida's Financial Exploitation of Vulnerable Adults Act, Fla. Stat. § 825.103. However, the Complaint contains no count alleging such a claim.

now moves to dismiss for failure to state a claim, or, in the alternative, to compel arbitration. (DE 18).

## II.   LEGAL STANDARD

### A.  *Motion to Dismiss*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do[.]") (citations omitted). Rule 12(b)(6) does not allow dismissal of a claim because a court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

In ruling on a 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw reasonable inferences in plaintiff's favor. *See Speaker v. United States Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Although the court resolves all doubts or inferences in plaintiff's favor, the plaintiff bears the burden to frame the complaint with sufficient facts to suggest that she is entitled to relief. *Twombly*, 550 U.S. at 556. A plaintiff makes a facially plausible claim when he or she pleads factual content from which the court can reasonably infer that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64. "Dismissal under Rule 12(b)(6) motion is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004) (citations and quotations omitted).

### B. *Motion to Compel Arbitration*

"Under the [Federal Arbitration Act] ("*FAA*"), upon motion of a party, district courts must compel arbitration of all claims subject to arbitration." *Am. Ex. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). "The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

In determining whether to compel arbitration, courts consider three factors: "(1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." *Mercury Telco Grp., Inc. v. Empresa De Telecomm. De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1354 (S.D. Fla. 2009).

### III. DISCUSSION

As a threshold matter, the Court begins with Athena's request to compel arbitration given that "[a] motion to compel arbitration is treated as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction." *Babcock v. Neutron Holdings, Inc.*, 454 F. Supp. 3d 1222, 1228 (S.D. Fla. 2020). "Where, as here, a motion to dismiss advances more than one ground under 12(b), the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint lack of subject matter jurisdiction, the accompanying defenses and grounds become moot." *Ventrassist Pty. Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1283 n.4 (S.D. Fla. 2005); *McGhee v. Select Comfort Retail Corp.*, No. 22-cv-09739, 2023 WL 10876870, at *2 (N.D. Fla. June 26, 2023) (resolving motion to compel arbitration before motion to dismiss); *McMasters v. Rest. Brands Int'l, Inc.*, No. 20-cv-791, 2021 WL 11728156, at *1 (W.D. Penn. Aug. 25, 2021) ("When courts are faced with both a motion to dismiss for failure to state a claim and a motion to compel arbitration, it is required that the court first address the motion to compel arbitration.").

With this threshold procedural issue resolved, the Court now turns to the first prong of the arbitration analysis: whether a valid agreement exists.

### A.  *Whether a Valid Agreement to Arbitrate Exists*

"[A]rbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 67 (2019). Under the FAA, "a written arbitration agreement is 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (quoting 9 U.S.C. § 2). "The presumption of arbitrability, however, does not apply to the determination of

whether an arbitration agreement exists." *Tuckman v. Wells Fargo Bank, N.A.*, No. 19-62843, 2020 WL 10320139, at *2 (S.D. Fla. Mar. 25, 2020) (citations and quotations omitted). Accordingly, "the Court must apply ordinary state-law principles that govern the formation of contracts when determining if a valid agreement to arbitrate exists." *Osterer v. Bam Trading Servs. Inc.*, 753 F. Supp. 3d 1289, 1294 (S.D. Fla. 2024).

"[A] district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is not genuine dispute as to any material fact concerning the formation of such an agreement." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). As the party seeking to compel arbitration, Athena bears the burden of demonstrating the existence of an enforceable agreement to arbitrate by a preponderance of the evidence. *Laine v. JetSmarter, Inc.*, No. 18-cv-62969, 2019 WL 1900339, at *2 (S.D. Fla. Apr. 29, 2019); *Hankerson v. Five Star Quality Care-FL, LLC*, No. 16-62596-CV, 2017 WL 2930581, at *3 (S.D. Fla. July 7, 2017) (same).

Athena has failed to carry its burden in establishing a valid agreement to arbitrate. Although Athena attaches the 2024 and 2025 versions of its Terms of Service (DE 18-1), both of which contain mandatory arbitration provisions, nothing in the record establishes that Mr. Vaughan transacted on Athena's BTMs during that time. The Complaint does not identify the specific transactions underlying Mr. Vaughan's claims. However, in opposition to the motion to compel arbitration, he asserts (for the first time and without providing any evidentiary support) that he transacted on the BTMs in 2023. In its reply, Athena does not submit the 2023 terms or argue that its 2023 terms are substantially similar to the 2024 or 2025 terms it attached as exhibits. Ultimately, "it is [Athena's] burden . . . to prove the

existence and terms of the contract it wishes to enforce." *Bazemore*, 827 F.3d at 1334.

On this record, the Court cannot conclude that there is a valid agreement to arbitrate.

Therefore, the Court denies Athena's motion to compel arbitration without prejudice.

Having declined to compel arbitration in this case, the Court now turns to the arguments raised in Athena's motion to dismiss.

### B. *Motion to Dismiss*

Mr. Vaughan's Complaint asserts one count under Florida's Deceptive and Unfair Trade Practices Act ("**FDUPTA**"), which prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). "To assert a claim under FDUPTA, a plaintiff must allege (1) a deceptive or unfair act in the conduct of trade or commerce, (2) causation, and (3) actual damages." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860 (11th Cir. 2023). "An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *PNR, Inc. v. Beacon Prop. Mgmt.*, 842 So. 2d 773, 777 (Fla. 2003). A deceptive practice includes any "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Caribbean Cruise Line, Inc v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 168 (Fla. Dist. Ct. App. 2015) (emphasis deleted). A plaintiff must "prove that there was an injury or detriment to consumers in order to satisfy all the elements of a FDUPTA claim." *Id.* at 169 (emphasis deleted). "Importantly, an act is not deceptive and a practice is not unfair unless a consumer was actually aggrieved by the act or practice." *Hill Dermaceuticals,*

*Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1302 (M.D. Fla. Jan. 18, 2017) (citing *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1317 (M.D. Fla. 2017)).

Mr. Vaughan concedes that his Complaint does not provide specific factual allegations regarding his alleged transactions with Athena but argues that such heightened pleading is inapplicable to his FDUPTA claim. The Court need not resolve the applicability of Rule 9b's heightened pleading standard, however, because Mr. Vaughan's factual allegations fail to satisfy even the minimal pleading requirements of Rule 8(a).[2] He provides the Court with no information such as when the transactions occurred, the amounts involved, or the fees allegedly charged. In the absence of such facts, the case cannot proceed. Indeed, Mr. Vaughan acknowledges this and includes in his opposition a request to amend his complaint. Importantly, a plaintiff "cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (leave to amend may not be raised in opposition to a motion to dismiss); *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (citation omitted). "[Eleventh Circuit] precedent is clear: the proper method to request leave to amend is through filing a motion, and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Burgess*, 600 F.

---

[2] Courts within this District remain divided on whether Rule 9(b)'s heightening pleading standard applies to FDUPTA claims. *See e.g., Matus v. Sport Squad*, No. 24-60954, 2024 WL 5135678, at *3–4 (S.D. Fla. Dec. 17, 2024) (listing several cases on each side of the issue and ultimately concluding that Rule 9(b) is inapplicable to FDUPTA claims).

App'x at 665. Mr. Vaughan has done neither.[3] Nonetheless, given his concession that his allegations are deficient, the Court will *sua sponte* grant leave to amend. *Michael Shane Enter., LLC v. Courtroom Connect LLC*, No. 16-cv-80881, 2016 WL 11819827, at *4 (S.D. Fla. Dec. 2, 2016) ("District courts, may, in their discretion, grant plaintiffs a right to amend [a] pleading *sua sponte*").[4]

## IV.   CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration (DE 18) is **GRANTED IN PART AND DENIED IN PART**. The Court denies Defendant's Motion insofar as it seeks to compel arbitration but grants Defendant's request for dismissal.

2. If Plaintiff chooses to file an amended complaint, he shall do so within **fourteen (14) days** of this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 24th day of March, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[3] Southern District of Florida Local Rule 15.1 provides that "[a] party who moves to amend a pleading shall attach the original of the amendment to the motion[.]" *See* S.D. Fla. L.R. 15.1. Similarly, this Court's CM/ECF Administrative Procedures also provide that any motion requesting leave of court (e.g., an amended complaint) must include the proposed document as an attachment to the motion. *See* CM/ECF Admin. Proc. § 3I(1).

[4] The Court declines to address Athena's remaining arguments regarding abstention and the propriety of nationwide FDUPTA class actions. Athena may reassert any of the arguments it raised (to the extent they remain viable) in response to the amended complaint.